UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT J KING,

           Plaintiff,

   v.

CLALLAM BAY CORRECTIONS
CENTER et al.

           Defendants.

CASE NO. C11-5269-RBL-JRC

REPORT AND
RECOMMENDATION TO DISMISS
THE ACTION WITH PREJUDICE

NOTED FOR: November 18, 2011

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. The Court recommends that defendants' motion for summary judgment be granted and that this action be dismissed with prejudice.

Plaintiff brings this action regarding medical treatment he received for appendicitis. This action was removed from state court prior to service on all

defendants. The Court entered an order granting plaintiff leave to proceed in forma pauperis and directing him to file a filled-out service form so that the court could serve the one remaining unserved defendant -- Mr. Miller (ECF No. 18). In that order the Court specifically warned plaintiff that "Failure to provide these documents will result in a Report and Recommendation to dismiss Mr. Miller for failure to comply with a court order and failure to prosecute an action."Plaintiff has not complied with the Court's order.

Further, the remaining defendants have moved for summary judgment (ECF No. 19). Defendant Miller has joined in that motion (ECF No. 21). Plaintiff has not responded.

Since defendant Miller has appeared and joined in the motion for summary judgment, service is no longer an issue. The Court has considered the file and recommends that the motion for summary judgment be GRANTED.

## FACTS

The following facts are taken from defendants' motion for summary judgment and are not contested (ECF No. 19). Plaintiff suffers from many chronic medical problems of longstanding duration including hepatitis C, diabetes mellitus, hypertension, foot pain related to diabetes, glaucoma, chronic skin rashes, arthritis, and gastro esophageal reflux disease (GERD) causing chronic gastritis. Plaintiff may also have lung cancer. Plaintiff takes approximately 12 medications to treat

these conditions, including metformin, which is used to treat diabetes. A side effect of metfirmin is gastritis.

On March 25, 2008, plaintiff was seen on an emergency basis for abdominal pain. He had no fever and while there was tenderness to light touch, there was no "rebound tenderness." Which is defined as "pain upon *removal* of pressure rather than *application* of pressure to the abdomen."*http://en.wikipedia.org/wiki/Rebound tenderness.* Defendants contend that rebound tenderness is a necessary finding for appendicitis (ECF No 19, page 3). PA Miller determined several possible diagnosis including gastritis, possible kidney problems and possible urological problems. PA Miller ordered tests and discontinued metformin because it is known to cause gastritis as a side effect.

Medical staff again treated plaintiff two days later. This time he had acute tenderness to the abdominal area. Medical staff referred him to an outside hospital for a CT scan, which revealed appendicitis. Plaintiff underwent emergency surgery and, contrary to plaintiff's claims in the complaint, the appendix had not ruptured. Plaintiff had a normal recovery, but because of fluid that leaked from the appendix, he was on antibiotics for a number of days. Plaintiff has made a full recovery from removal of his appendix and he continues medical treatment for other chronic conditions.

## STANDARD OF REVIEW

In federal court, summary judgment is required under Fed. R. Civ. P. 56(c) if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact. Tarin v. County of Los Angeles, 123 F.3d 1259, 1263 (9th Cir.1997). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). That burden may be met by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Once the moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts that show a genuine issue for trial. Id. at 323-24; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## DISCUSSION

Defendants have provided the sworn affidavits of medical personnel and medical records that demonstrate plaintiff has received adequate medical care and that even if the diagnosis of gastritis on March 25, 2008, was erroneous, plaintiff fails to show any injury. His appendicitis was diagnosed March 27, 2008, and there was no delay in surgery once the diagnosis was made. Plaintiff has failed to contradict any of the facts set forth by defendants.

The Eighth Amendment prohibits deliberate indifference to a person's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Jones v. Johnson, 791 F.2d 769, 771 (9th Cir. 1986). The indifference to medical needs must be substantial; a constitutional violation is not established by negligence or "an inadvertent failure to provide adequate medical care." Estelle, 429 U.S. at 105-06; Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988).

To establish deliberate indifference, a prisoner must show that a defendant purposefully ignored or failed to respond to the prisoner's pain or possible medical need. McGuckin, 974 F.2d at 1060; Estelle, 429 U.S. at 104. A determination of deliberate indifference involves an examination of two elements: (1) the seriousness of the prisoner's medical need; and (2) the nature of the defendant's response to that need. McGuckin, 974 F.2d at 1059. A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Id.

In order to establish deliberate indifference there must first be a purposeful act or failure to act on the part of the defendant. Id. at 1060. Further, a prisoner can make no claim for deliberate medical indifference unless the denial was harmful. McGuckin, 974 F.2d at 1060; Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff fails to show that defendants were either negligent or deliberately indifferent. He did not present with the symptoms for a diagnosis of appendicitis on March 25, 2008. Two days later, when his pain became acute he was reexamined and treated promptly. Defendants are entitled to summary judgment in this case.

With these undisputed facts, defendants have shown that there is an absence of evidence to prove plaintiff's case. Therefore, this Court recommends that the case be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 18, 2011, as noted in the caption.

Dated this 26th day of October, 2011.

J. Richard Creatura
United States Magistrate Judge